UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| CLAUDE AND LINDA MELERINE | CIVIL ACTION |
| VERSUS | NO: 07-6892 |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY ET AL. | SECTION: "S" (2) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED THAT** the motion of Claude and Linda Melerine to remand the case to the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana, is **DENIED**.  (Document # 6.)


## I.  BACKGROUND

Claude and Linda Melerine are the owners of a home a 5413 Delacroix Highway, St. Bernard, Louisiana.  They purchased homeowners insurance from Metropolitan Property and Casualty Insurance Company (Metropolitan) through its agent, Dale Piret d/b/a Insurance Services of American, Inc. (Piret).  The property suffered extensive damage as a result of Hurricane Katrina, and the Melerines filed a claim.  Metropolitan denied coverage for part of the

damages caused by the hurricane, and the Melerines filed a petition for breach of contract and damages against Metropolitan and negligent misrepresentation against Piret in the 34th Judicial District Court for the Parish of St. Bernard.  Metropolitan removed the case to federal court asserting that there is diversity jurisdiction because Piret was improperly joined to defeat jurisdiction.  The Melerines filed a motion to remand the case to state court.

## II. DISCUSSION

### A.  Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Improper joinder may be established in two ways:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  Id.  A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether

the complaint states a claim under state law against the in-state defendant." Id. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id. In cases in which the plaintiff has stated a claim, "but has misstated or omitted discrete facts that would determine the propriety of joinder, . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id.

**B.  Improper joinder**

Metropolitan contends that the Melerines' allegation fail to state a claim against Piret under Louisiana law. Metropolitan argues that the plaintiffs do not allege that Piret failed to procure the requested insurance coverage or that he assumed a duty greater than that imposed upon him by law. The Melerines allege that Piret advised them that the policy provided coverage for hurricane damage and that they relied on assurances by him that they could recover for damages caused by Hurricane Katrina.

In Karam v. St. Paul Fire & Marine Ins Co., 281 So.2d 728, 730-31 (La. 1973), the Supreme Court of Louisiana discussed the insurance agent's duty to the client:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

"[A]n insurance agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." Graves v. State

Farm Mut. Auto Ins. Co., 821 So.2d 769, 773 (La. Ct. App. 2002).  In order to prevail on a claim of negligent misrepresentation, the plaintiffs must show "(1) a legal duty to supply correct information; (2) breach; and (3) damages resulting from justifiable reliance on the misrepresentation."  Abbott v. Equity Group, Inc., 2 F.3d 613, 625 n.38 (5th Cir. 1993).

The Melerines do not allege that they asked Piret to procure a flood insurance policy and that he breached that duty.  They allege only that they requested a policy that covered "hurricane damage."

Because the complaint omits facts relevant to this inquiry, the court pierces the pleadings to determine other facts related to the case.  In a letter dated November 1, 2005, Metropolitan advised the Melerines that an investigation determined that water damage to his property was caused by flooding and that flooding is not a covered loss under the homeowner's policy.  As evidenced by the declaration form, the policy is a homeowners policy, not a flood policy, with coverage *inter alia* for wind and hail.  Section I – Losses We Do Not Cover– provides an exclusion for water damage as follows:

> We do not insure for any such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether such causes acted at the same time or in any other sequence with the excluded event to produce or contribute to the loss.  The excluded events referred to are:
> A.  Water damage, meaning:
>     1. Flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind. . .

Even if the Melerines' allegations of "hurricane damage" are read broadly, in view of the declarations page and the exclusion, there is no reasonable basis to predict that the plaintiffs might be able to recover on a claim they justifiably believed that they purchased flood insurance.

4

The policy is clearly a homeowners' policy in which damage from flooding is excluded.

Accordingly, the motion to remand the case to state court is denied.

New Orleans, Louisiana, this  30th  day of January, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**